UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA


                 - against -                                  **ORDER**
                                                        15-CR-152 (RRM)


SHAQUAN FLORES,

                          Defendant.
-----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

       Defendant Shaquan Flores has filed an emergency motion for sentence reduction

pursuant to 18 U.S.C. § 3582(c) (1)(A), relying principally on the general risk of contracting

COVID-19 while in custody.  For the reasons below, Flores' motion is denied.

       As a threshold matter, Flores has not satisfied the requirement under 18 U.S.C. §

3582(c)(1)(A) to first request that the Bureau of Prisons file a motion on his behalf and then

show that thirty days have passed without any BOP action. As a result, the Court cannot consider

his motion to modify his sentence.

       In any event, Flores' motion does not clearly meet the requirements for modifying a

sentence for "extraordinary and compelling reasons."  U.S.S.G. § 1B1.13 provides that

extraordinary and compelling reasons exist to support compassionate release for a defendant

based on his medical condition where the defendant is "suffering from a terminal illness;" or is

(i) suffering from a serious physical or medical condition, (ii) suffering from a serious functional

or cognitive impairment, or (iii) experiencing deteriorating physical or mental health because of

the aging process," which "substantially diminishes the ability of the defendant to provide self-

care within the environment of a correctional facility and from which he or she is not expected to

recover." U.S.S.G. § 1B1.13, Commentary (1)(A).  Flores is 32 years old, and does not allege

that he suffers from any medical issues now, or in the past.  Moreover, he concedes that he is not in the "high risk" category of inmates who may be particularly vulnerable to COVID-19.

Instead, Flores relies on the generalized risk of potential exposure to COVID-19 while in custody.  That argument fails as well.  Flores has not shown that the efforts undertaken to date by the Bureau of Prisons and outlined in the government's opposition to his motion are inadequate to manage the pandemic within the MDC,  or treat any prisoner who may contract or show symptoms of the virus, or develop any other medical condition.  The Court takes judicial notice of the information provided by the Bureau of Prisons to this Court on a bi-weekly basis and available on the Court's website, and to the public generally on its own website.  As of the BOP's April 9, 2020 report to this Court, three inmates and nine staff members at the MDC have tested positive for COVID-19, and BOP has implemented a number of measures to mitigate the spread of the virus generally, and in response to any symptomatic inmates and/or positive tests. Based on the information provided by the BOP and in the government's opposition to the instant motion, the Court cannot conclude that the BOP will be unable to manage a more widespread outbreak of the virus or will be unable to handle the medical needs of any inmate at MDC.

Finally, when considering the 3553(a) factors applicable to a violation of supervised release, Flores has roundly earned his 16-month sentence for repeated breaches of the Court's trust.  He committed crimes on two occasions by driving while intoxicated and selling marijuana. He repeatedly travelled out of the district to Vermont without permission, the district in which he was originally convicted of drug trafficking offenses.  And he absconded from this Court's jurisdiction for over a year.  These are hardly "mistakes" as he suggests in his motion, but serious breaches that clearly warrant a custodial sentence in an effort, once and for all, to deter Flores and to protect the community from his continued criminal conduct.  Moreover, Flores has

a lengthy criminal record, and a lengthy history of failing to comply with the conditions of his

release. Flores has clearly demonstrated that he could not be trusted to abide by the conditions of

his supervised release. He is hardly a candidate to be trusted to serve out the remainder of his

custodial term on home confinement, or on other terms while in the community.

For these reasons, Flores' emergency motion for a sentence reduction pursuant to 18

U.S.C. § 3582(c)(1)(A) is denied.

SO ORDERED.

Dated: Brooklyn, New York        *Roslynn R. Mauskopf*
       April 12, 2020

_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge

3